FILED

2006 May-02  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MMAGINE, LLC, d/b/a MMAGINE MUSIC, | } | |
| | } | |
| Plaintiff, | } | CIVIL ACTION NO. |
| | } | 06-AR-0087-S |
| v. | } | |
| | } | |
| LANCE GILBREATH, p/k/a BUCKLER, et al., | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

The court has before it the motion of defendant, Lance Gilbreath, p/k/a Buckler ("Gilbreath"), to dismiss the action of plaintiff, Mmagine, LLC, d/b/a Mmagine Music ("Mmagine"), for lack of subject matter jurisdiction and improper venue, invoking Fed.R.Civ.P. 12(b)(1) and (3). Gilbreath also challenges the complaint under Rule 12(b)(6). Neither of the other defendants, Bristol Street Productions and Crosslight Promotion, has answered or otherwise responded to the complaint. To the extent Gilbreath seeks a dismissal for lack of subject matter jurisdiction, his motion is due to be denied because a federal question appears. Although Gilbreath does not invoke 28 U.S.C. § 1404(a), to the extent Gilbreath seeks a dismissal of this action on venue grounds, his motion is deemed a motion for change of venue pursuant to § 1404(a), and is due to be granted.

## I.   Federal Jurisdiction

The jurisdictional statute, 28 U.S.C. § 1338(a), grants exclusive federal jurisdiction over all claims "arising under" the Copyright Act, such as those that seek a "remedy expressly granted by the Act, e.g., a suit for infringement." *Sullivan v. Naturalis, Inc.*, 5 F.3d 1410, 1412 (11th Cir. 1993).   Therefore, if Mmagine states a claim for copyright infringement that survives Gilbreath's 12(b)(6) motion, that claim is within the original jurisdiction of this court.   Mmagine expressly invokes the Copyright Act, 17 U.S.C. §§ 106 and 501, in Count Five of its complaint (mislabeled as Count Four), alleging that Gilbreath and Bristol Street have infringed its copyrights to "numerous songs" produced for Gilbreath.   Because registration is not a precondition to protection, the songs in question can be protected by copyright even though Mmagine does not assert that they have been registered. *See* 17 U.S.C. § 408.   The action alleged by plaintiff--unauthorized dissemination of copyrighted works via free download from a website--is prohibited by § 501 if it is not authorized by the copyright owner.   While the specificity with which Mmagine describes the allegedly copyrighted works leaves much to be desired, liberal notice pleading saves Mmagine's complaint.   Mmagine has stated a claim for copyright infringement, and the court has subject matter jurisdiction over it, and enjoys supplemental jurisdiction over the pendent state law

claims by virtue of their shared factual predicate.   Therefore, Gilbreath's motion to dismiss is due to be denied.

**II.   Venue**

Mmagine invokes 28 U.S.C. § 1391, alleging that venue is proper in the Northern District of Alabama because its injury occurred in this district.   What Mmagine fails to acknowledge in its complaint, however, is the existence of a forum-selection clause in the Personal Management Agreement signed by Mmagine and Gilbreath.   That contract designates a court in Davidson County, Tennessee, as the exclusive forum for any dispute arising out of that contract:

> 26. *Governing Law*.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Tennessee.   The courts located in the State of Tennessee, County of Davidson (State and Federal), shall have sole and exclusive jurisdiction over any controversies arising out of, relating to, or in connection with this agreement, or any breach thereof. Any service of process given in accordance with the notice provisions of 112 [sic] of this Agreement shall be deemed to have the same force and effect as personal service within the State of Tennessee.   The parties understand and agree that they are hereby waiving any further objections to choice of law, venue, personal jurisdiction and subject matter jurisdiction in any legal proceeding involving the terms and performance of the Agreement brought in accordance with this paragraph.

This language unequivocally indicates that the parties have chosen the courts of Davidson County, Tennessee, as the only proper venue for any action related to the Personal Management Agreement. Furthermore, by virtue of Mmagine's claim for a breach of this very contract, as well as the components of the fraud and intentional

3

interference with business relations claims which relate to personal management, it is undeniable that the instant action is sufficiently related to the Personal Management Agreement that it is within the category of actions subject to the forum-selection clause.[1]

Federal law governs the enforceability of forum-selection clauses. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S. Ct. 2239, 2244 (1988). Because such clauses are enforceable, *see Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916 (1972), the contractual forum must be sufficiently inconvenient that the interests of justice prevent transfer. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Where a litigant "seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The validity of the Personal Management Agreement has not been questioned--no allegation has been made that fraud, duress, or other misconduct corrupted the negotiation of that contract. Furthermore, although none of the parties to this

---

[1] Gilbreath also asserts that this contract--and its forum-selection clause--do not govern the instant dispute because the contract has expired. In so doing, he asks the court to make the type of factual determination which is inappropriate during a 12(b)(6) inquiry.

action are residents of Tennessee, the court will not say that the contractual forum is unreasonable *per se*, in light of the volume of entertainment litigation in Davidson County resulting from Nashville's status as the epicenter of country music, and the perceived expertise of Davidson County's judicial officers in that field of law.  Therefore, Mmagine must persuade the court (and has failed to do so) that this action "present[s] the type of 'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper." *Id*. at 574 (quoting *Stewart Org.*, 487 U.S. at 33, 108 S. Ct. at 2246 (Kennedy, J., concurring)).  To that end, Mmagine proffers that none of the parties are residents of Tennessee while two reside in Alabama, so a transfer would create additional travel expenses for the Alabama parties.  The Eleventh Circuit specifically holds that the "financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).  As this court observed in the wake of *In re Ricoh Corporation*, "the Eleventh Circuit simply nailed the lid too tight," *Stewart v. Dean-Michaels Corp.*, 716 F. Supp. 1400, 1404 (N.D. Ala. 1989), to allow for meaningful exceptions to the applicability of freely contracted forum-selection clauses.

Mmagine argues in the alternative that the courts of Alabama are the proper venue for this action because Mmagine and Gilbreath also signed an Artist-Producer Recording Agreement which purportedly contains a clause selecting Alabama as the forum for all disputes arising out of that contract. Although the copyright claims and one of Mmagine's breach of contract claims, along with components of the fraud and intentional interference claims, can only be classified as arising out of the Artist-Producer Recording Agreement, the "forum-selection" clause in that contract does not say what Mmagine claims:

> 20.  <u>Applicable Law</u>.  This agreement has been entered into in the State of Alabama and the validity, interpretation and legal effect of this Agreement shall be governed by the laws of the State of Alabama applicable to contracts entered into and performed entirely within the State of Alabama, with respect to the determination of any claim, dispute or disagreement which may arise out of the interpretation, performance or breach of this agreement. Any process in any action or proceeding commenced in the courts of the State of Alabama or elsewhere, arising out of any such claim, dispute or disagreement, may among other methods be served upon artist by delivering or mailing the same, via registered or certified mail, addressed to Artist. Any such delivery or mail service shall be deemed to have the same force and effect as personal service with the State of Alabama or the jurisdiction in which such action or proceeding may be commenced.

This language evinces an intent for Alabama law to govern the resolution of any dispute related to the contract, but does not speak to the proper forum for legal action. To the extent Mmagine asks the court to infer forum selection from the decisions to apply Alabama law to any resultant dispute and to waive certain personal

6

service requirements, the court refuses.  It is readily apparent from the language of the contract that the parties not only failed to elect a forum, but they contemplated an action in "Alabama *or elsewhere*." (emphasis added).  This clause stands in sharp contrast to the true forum-selection clause in the Personal Management Agreement.  The perceived conflict between these two contracts' "forum-selection" clauses is a false one.  The Personal Management Agreement does not contain a valid forum-selection clause, so the claims flowing from that contract need not be severed even if the others are brought in Tennessee, and the courts of that state will be left with the unenviable tasks of deciphering which of the contracts' choice of law provisions must be given effect, and whether the long arm of the court reaches defendants Bristol Street Productions and Crosslight Promotion.

### *Conclusion*

In accordance with the forgoing, the court will by separate order deny Gilbreath's motion to dismiss for lack of subject matter jurisdiction, and will grant his deemed motion to transfer pursuant to 28 U.S.C. § 1404(a), transferring the action to the Nashville Division of the United States District Court for the Middle District of Tennessee.

7

Done this 2nd day of May, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE